# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CB CAPITAL INVESTMENTS LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **MATTHEW NICHOLSON,** | ) |
| 8601 Beverly Blvd. | ) |
| Los Angeles, CA 90048 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, CB Capital Investments LLC (hereinafter "CB Capital"), states as follows for its Complaint against Defendant Matthew Nicholson ("Nicholson"):

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff CB Capital is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis County, Missouri.

2. The members of CB Capital are Carl Bolm and Cook Family Holdings, L.L.C. Mr. Bolm resides in Missouri. Cook Family Holdings, L.L.C. has one member, Jeffrey L. Cook Revocable Living Trust. The trustee of the Jeffrey L. Cook Revocable Living Trust resides in Missouri.

3. Upon information and belief, Defendant Matthew Nicholson is a citizen of California residing in Los Angeles, California.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the diversity of citizenship of the parties and the fact that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. CB Capital is a citizen of Missouri, and Defendant is not a citizen of Missouri.

5. Thus, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional threshold in that CB Capital seeks to recover an outstanding balance of a promissory note with an amount due and owing of more than $75,000. Additionally, CB Capital seeks to recover its attorney's fees and costs, which are included in the amount in controversy. *See, e.g., Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). CB Capital's claims exceed the jurisdictional threshold.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to CB Capital's claims occurred in this District. In addition, venue is proper in this District because, as a limited liability company with its principal place of business in St. Louis County, Missouri (which is located in this District), CB Capital suffered injury, and continues to suffer injury, in this District as a result of Defendant's wrongful conduct. Furthermore, this Court has jurisdiction over Defendant pursuant to a forum selection clause contained in paragraph 17 of the CB Note (defined herein).

## BACKGROUND FACTS COMMON TO ALL COUNTS

7. On or about March 22, 2021, for valuable consideration, Digital Medical Tech, Inc. ("Digital Medical Tech") and Nicholson executed a Second Amended and Restated Promissory Note in the original principal amount of up to $809,961.80 in favor of CB Capital, as lender (the "**CB Note**"). A true and accurate copy of the CB Note is attached hereto as **Exhibit 1.**

8. Pursuant to the CB Note, CB Capital made available to Defendant and Digital Medical Tech up to $809,961.80, and Defendant and Digital Medical Tech, jointly and severally, agreed to pay to CB Capital all amounts payable pursuant to the CB Note.

9. Of such amount, $559,961.80 was made immediately available to Digital Medical Tech, of which $548,475.00 was outstanding at maturity and is currently outstanding.

10. As the founder, the controlling shareholder, a director, the Chief Executive Officer, and a co-signor for other obligations of Digital Medical Tech, Nicholson had a vested interest in the continued operations of Digital Medical Tech and benefitted, directly and indirectly, from the CB Note.

11. The CB Note matured on December 31, 2021 (the "Maturity Date"), at which time all outstanding amounts thereunder became due and payable to CB Capital.

12. No payment on the CB Note was made upon its maturity on the Maturity Date or at any time thereafter.

13. Pursuant to the CB Note, any failure to pay any amount thereunder when due carries a late charge equal to 7% of the amount payable, and upon the occurrence of an Event of Default, the CB Note began accruing interest at a rate of 15% per annum.

14. By letter dated January 19, 2022, CB Capital, in writing, (a) provided notice to Defendant and Digital Medical Tech that the CB Note remained unpaid notwithstanding its maturity on the Maturity Date, (b) provided notice to Defendant and Digital Medical Tech that an Event of Default (as defined under the CB Note) had occurred and was existing, (c) declared the balance of the CB Note immediately due and payable and (d) demanded that Defendant and Digital Medical Tech pay the unpaid principal under the CB Note, together with accrued interest and any other amounts due under the CB Note (the "**First CB Note Demand Letter**").  A true and accurate copy of the First CB Note Demand Letter is attached hereto as **Exhibit 2**.

15. CB Capital did not receive any response to the First CB Note Demand Letter or payment of any amount outstanding thereunder.

16. By letter dated February 25, 2022, CB Capital again, in writing, (a) provided notice to Defendant that the CB Note remained unpaid notwithstanding its maturity on the Maturity Date,

3

(b) provided notice to Defendant that an Event of Default (as defined under the CB Note) had occurred and was existing, (c) declared the balance of the CB Note immediately due and payable and (d) demanded that Defendant pay the unpaid principal under the CB Note, together with accrued interest and any other amounts due under the CB Note (the "**Second CB Note Demand Letter**"). A true and accurate copy of the Second CB Note Demand Letter is attached hereto as **Exhibit 3**.

17. Despite assurances from Nicholson that a written proposal was forthcoming and multiple deadline extensions by CB Capital, CB Capital did not receive any substantive response to the Second CB Note Demand Letter or payment of any amount outstanding thereunder.

18. CB Capital is, and at all times has been, the holder of the CB Note.

19. Defendant has failed and refused to pay the indebtedness owing to CB Capital pursuant to the CB Note (said indebtedness is referred to as the "Indebtedness"), which Indebtedness, excluding collection costs, as of March 24, totals $706,877.02, which is calculated as follows: $548,475.00 in principal, $113,381.63 in accrued interest, and $45,020.39 in late fees.

20. Defendant is obligated to pay all of CB Capital's costs, fees, late charges, attorneys' fees, and expenses incurred in connection with enforcement of the CB Note.

21. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

22. CB Capital has been damaged by Defendant's refusal to pay the Indebtedness.

## COUNT I
## BREACH OF CB NOTE

23. Plaintiff re-alleges and incorporate by reference Paragraphs 1 through 22 of this Complaint in Count I as if fully set forth herein.

24. The CB Note is valid and enforceable against Defendant and/or Digital Medical Tech and was signed by Defendant and Digital Medical Tech.

25. An Event of Default has occurred and is existing under the CB Note on account of Defendant's and Digital Medical Tech's failure and refusal to make required payments under the CB Note.

26. By letter dated January 19, 2022, CB Capital formally notified Defendant and Digital Medical Tech of their default under the CB Note on account of their failure and refusal to make required payments under the CB Note.

27. By letter dated February 25, 2022, CB Capital again formally notified Defendant of the Event of Default under the CB Note on account of Defendant's and Digital Medical Tech's failure and refusal to make required payments under the CB Note.

28. Despite CB Capital's demand, Defendant and Digital Medical Tech have failed and refused to repay the amount due and owing under the CB Note and remain in breach of the CB Note.

29. All conditions precedent to CB Capital's right to recover under the CB Note have been satisfied, waived or excused.

30. Under the terms of the CB Note, Defendant and Digital Medical Tech, jointly and severally, agreed to pay all of CB Capital's costs and expenses, including attorneys' fees and legal expenses, incurred in connection with the enforcement of the CB Note, in addition to the outstanding principal and interest (including default rate interest) and late fees.

31. As of March 24, the amounts due and owing under the CB Note by Defendant and Digital Medical Tech to CB Capital as a result of their default under and breach of the CB Note included $548,475.00 in outstanding principal, $113,381.63 in accrued and unpaid interest, and

$45,020.39 in late fees, with per diem interest of $225.40 continuing to accrue, plus CB Capital's attorneys' fees, legal expenses, court costs, and any other costs and expenses incurred in connection with enforcement of the CB Note, as allowed under the CB Note.

32. Accordingly, CB Capital has been damaged as a result of Defendant's breach of the CB Note.

33. It has been and is necessary for CB Capital to attempt to collect the amounts due and owing under the CB Note and to institute this action to collect the amounts due under the CB Note, and CB Capital has been compelled to and has employed Armstrong Teasdale LLP to attempt to collect the amounts due and owing under the CB Note and to institute and prosecute this action, and, therefore, CB Capital is entitled to recover its attorneys' fees, legal expenses, and court costs incurred in attempting to collect the amounts due and owing under the CB Note and in instituting and prosecuting this action, and/or other sums provided by law for the services of said attorneys incurred in connection with attempting to collect the amounts due and owing under the CB Note and in instituting and prosecuting this action.

WHEREFORE, Plaintiff CB Capital requests that this Court enter judgment in its favor against Defendant Nicholson for all amounts due and owing under the CB Note, all costs, expenses, attorneys' fees and legal expenses incurred by Plaintiff CB Capital in connection with its collection efforts, including this lawsuit; and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: *s/ Brian Kaveney*
    Brian Kaveney, #58310MO
    Joseph Goff, #63832MO
    Mark Ohlms, #69262MO
    Armstrong Teasdale LLP
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (Facsimile)
    bkaveney@atllp.com
    jgoff@atllp.com
    mohlms@atllp.com

**ATTORNEYS FOR PLAINTIFF**